# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Stephen Lowe, <br><br> Plaintiff, <br><br> v. <br><br> Med-1 Solutions, LLC, <br><br> Defendants. | CIVIL ACTION <br><br> 1:19-cv-105-JPH-TAB |

## ANSWER

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

**Admit.**

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

**The Act speaks for itself.**

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

**The Act and case law speak for itself.**

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

**The act and case law speak for itself**

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

**Admit.**

## Venue

6. Venue is proper in this Judicial District.

**Admit.**

7. The acts and transactions alleged herein occurred in this Judicial District.

**Defendant admits that it transacts business in this Judicial District, it denies all allegations that it violated the FDCPA.**

8. The Plaintiff resides in this Judicial District.

**Defendant lacks sufficient information to admit or deny.**

9. The Defendant transacts business in this Judicial District.

**Admit.**

## Parties

10. The Plaintiff, Stephen Lowe, is a natural person.

**Admit.**

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

**The Act speaks for itself.**

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

**The Act speaks for itself.**

13. The Defendant, Med-1 Solutions, LLC (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 517 US Highway. *See Exhibit "1" attached hereto*.

**Admit.**

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

**Admit.**

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**Admit.**

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Admit.**

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

**Admit.**

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

**Admit.**

19. The debt owed by Plaintiff went into default.

**Admit.**

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

**Admit.**

21. The Plaintiff disputes the debt.

**Defendant admits that Plaintiff by way of this complaint disputes the debt.**

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

**Defendant admits that Plaintiff by way of this complaint requests that the Defendant cease all further communication on the debt.**

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

**Admit.**

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

**Admit.**

25. Mr. Lowe retained John Steinkamp for legal representation regarding the Plaintiff's debts.

**Defendant lacks sufficient knowledge to admit or deny.**

26. Over the past 12 months the Defendant has contacted the Plaintiff numerous times via telephone call in its attempts to collect the debt at issue in this matter.

**Defendant admits it has contacted the Plaintiff, Defendant denies that this contact can be classified as "numerous."**

27. For example, in September of 2018, Defendant was attempting to collect a debt from Plaintiff. In September of 2018, Defendant called Mr. Lowe on his cell phone. During one of multiple conversations, Mr. Lowe informed an employee of the Defendant that he had retained legal counsel regarding his debts. *See Exhibit "2" attached hereto*.

**Deny.**

28. By contacting a consumer it knew to have legal representation, the Defendant violated the FDCPA.

**Deny.**

29. Mr. Lowe's injuries constitute an injury-in-fact. Defendant's violations are material as the unsophisticated consumer, who has retained counsel to represent him regarding the debt at issue in this matter, would be left with the impression that retaining legal counsel was futile and that he did not have the rights Congress granted to her under the FDCPA. Defendant's violations of the FDCPA constitute more than just bare procedural violations.

**Deny.**

30. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Deny.**

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 30 of the complaint are realleged and incorporated herewith by references.

**Defendant incorporates its answers in Paragraphs 1 through 30 herewith by references.**

2. The Defendant violated 15 U.S.C. § 1692e by representing to the Plaintiff that it was able to continue to contact her directly in attempts to collect a debt despite being prohibited from doing so by the FDCPA.

**Deny.**

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact a represented consumer when it had notice of legal representation.

**Deny.**

4. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to contact directly a consumer it knew to have legal representation.

**Deny.**

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692c because Defendant continued to contact Plaintiff despite knowledge that he had legal representation for the debt at issue in this matter.

**Deny.**

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Deny.**

### **Defendant's Affirmative Defenses**

Defendant Med-1 Solutions, LLC, by counsel, pursuant to Rule (8) of the Federal Rules of Civil Procedure, and subject to further investigation and discovery, asserts the following affirmative defenses in this matter:

1. To the extent, if any, that Defendant has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error. The violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. (15 U.S.C. § 1692k).

2. Defendant reserves the right to amend its Answer and Affirmative Defenses to assert any new affirmative defenses discovered between the time of the filing of its Answer and the date of trial.

WHEREFORE, Defendant prays that Plaintiff take noting by way of his Complaint; for costs of this action and all other proper relief.

Date: March 8, 2019

Respectfully Submitted,

/s/ *Nicholas Moline*
Nicholas Moline, IN Atty # 29711-49
Attorney for Defendant
Med-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, IN  46142
(317) 883-5600
Nicholas.Moline@med1solutions.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 08, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties of record.

/s/ *Nicholas Moline*
Nicholas Moline, IN Atty # 29711-49
Attorney for Defendant